AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**

# UNITED STATES DISTRICT COURT
### for the
Eastern District of California

DEC 27 2019

CLERK, U.S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Ronald HEATHINGTON | ) | **2:19  MJ - 230   DB** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ December 6, 2019, _____ in the county of _____ San Joaquin _____ in the
_____ Eastern _____ District of _____ California _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit of ATF Task Force Officer Brandon Ezell

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Brandon Ezell, ATF TFO
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _12-26-19_

_____
*Judge's signature*

City and state: _____ Sacramento, California _____       Hon. Deborah L. Barnes, U.S. Magistrate Judge
_____
*Printed name and title*

**AFFIDAVIT OF TASK FORCE OFFICER BRANDON EZELL IN SUPPORT OF**

**A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Brandon Ezell, being duly sworn, depose and state the following:

**Introduction**

1. I submit this Affidavit in support of a criminal complaint and arrest warrant for Ronald HEATHINGTON.  As described below, I believe there is probable cause to believe that on or about December 6, 2019, in the State and Eastern District of California, HEATHINGTON committed a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

**Affiant's Background and Experience**

2. I am a Detective with the Stockton Police Department.  I have been a sworn law enforcement officer with the City of Stockton for the past 12 years.  In September 2016, I was cross-designated as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, and Firearms (ATF), San Francisco Division, Stockton Field Office.  As a member of the ATF Violent Crime Task Force, I am responsible for investigating crimes related to firearms, narcotics, violence, and gang activity.

3. I have received hundreds of hours of formal training with the Stockton Police Department.  This includes: The P.O.S.T. basic police academy (2007).  I have attended in excess of 500 hours of investigation-based classes, lectures, and seminars.

4. In addition to my classroom training, I have been involved in over 200 narcotics/firearms-related investigations.  In my 12-year career in law enforcement, I have participated in all aspects of criminal investigations, including physical and electronic surveillance, executing search warrants, interviews, and arrests.  In addition to my classroom training, this practical experience has formed the basis of my opinions set forth below.

5. As a result of my training and experience with the Stockton Police Department and the ATF, I am familiar with the state and federal laws pertaining to firearms.

**Statement of Probable Cause**

7. Title 18 U.S.C. Section 922(g)(1) prohibits any person who has previously been convicted of an offense punishable by imprisonment for more than one year to possess a firearm or ammunition that has traveled in interstate or foreign commerce.

8. The information contained in this Affidavit is based on my review of the reports and files in this case reported in San Joaquin County Sheriff's case number 19-29390.  Because this Affidavit is submitted for the limited purpose of establishing probable cause, I have not included every fact known to me and other law enforcement investigators about this case.  Instead, I have set forth only those facts I believe are necessary to support probable cause for the arrest of Ronald HEATHINGTON.

1

9. According to police reports, on December 6, 2019, at 0749 hours, San Joaquin County Sheriff's Deputy Williams was dispatched in response to a call regarding an in-progress auto burglary that occurred at 3401 North Franklin Avenue in Stockton. The call indicated that the victim was following the suspect, later identified as HEATHINGTON. In the call, the suspect was described as a male wearing all black clothing and yellow gloves. The call also indicated that an amplifier had been stolen from the victim's vehicle.

10. At approximately 0801 hours, Deputy Williams arrived on-scene. Deputy Williams located and contacted the victim, who described the direction in which the suspect fled and pointed eastbound from their location. Deputy Williams drove his marked patrol unit eastbound through the alley. Deputy Williams observed a subject, later identified as HEATHINGTON, walking in the alley. Deputy Williams ordered HEATHINGTON to stop, but HEATHINGTON did not comply. HEATHINGTON was facing Deputy Williams but walking backwards away from Deputy Williams. Deputy Williams observed HEATHINGTON carrying what appeared to be a vehicle amplifier, consistent with the described stolen property from the auto burglary.

11. HEATHINGTON set the items he was holding on the ground and continued walking away from Deputy Williams. Deputy Williams and his partner caught up with HEATHINGTON, stopped him, and attempted to handcuff him. As Deputy Williams's partner was attempting to place HEATHINGTON in handcuffs, HEATHINGTON stated, "I have a gun in my right pocket."

12. Deputy Williams then pulled a black semi-automatic handgun from HEATHINGTON's right front pant pocket. The firearm was loaded with one live round in the chamber and five live rounds in the magazine. The rounds were Sig brand .45 caliber hollow point rounds. The firearm was a Springfield Model: XD, serial number XD722884, with a ten-round capacity magazine. Deputy Williams later conducted a record check of the firearm's serial number using law enforcement databases, which showed that the firearm had been stolen.

13. While searching HEATHINGTON, Deputy Williams located a suspected Methamphetamine smoking pipe, which was later booked for destruction. Deputy Williams collected the items that HEATHINGTON had been holding (including two vehicle amplifiers and a stereo) and returned to the original call location.

14. The victim then advised Deputy Williams that his daughter had observed someone in the victim's vehicle. The suspect had fled on foot while the victim followed the suspect. The victim stated that the radio and amplifier were missing from his vehicle. The victim then identified as his one of the amplifiers and the stereo that had been in HEATHINGTON's possession.

15. I reviewed HEATHINGTON's criminal history using the Criminal Justice Information Services database, which indicated that HEATHINGTON has been convicted of the following crimes punishable by imprisonment for a term exceeding one year:

    a. Burglary First Degree, in violation of California Penal Code 459, on or about February 28, 2004 in San Joaquin County;

    b. Take Vehicle w/o Owner's Consent/Vehicle Theft, in violation of California Vehicle Code 10851(A), on or about February 28, 2004 in San Joaquin County;

    c. Burglary Second Degree, in violation of California Penal Code 459, on or about April 6, 2007 in San Joaquin County;

    d. Possess Controlled Substance for Sale, in violation of California Health and Safety Code 11378, on or about July 9, 2012 in San Joaquin County;

    e. Felon/Addict Possess Firearm, in violation of California Penal Code 29800(A)(1), on or about April 21, 2017 in Calaveras County;

16. HEATHINGTON was in fact sentenced to more than one year in prison for each of these offenses.

17. I also communicated with ATF Special Agent Thomas Keen, who has specialized training in the manufacture and origin of firearms and ammunition. SA Keen informed me that the Springfield Model: XD, serial number XD722884 firearm that deputies found in HEATHINGTON's pocket was manufactured outside California, and therefore it has been transported in interstate commerce.

3

## **Conclusion**

18. Based on the facts described above, I believe that HEATHINGTON is in violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. I request that an arrest warrant be issued for HEATHINGTON for this violation.

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Brandon Ezell, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Sworn to and subscribed before me on December 26, 2019.

HON. DEBORAH L. BARNES
UNITED STATES MAGISTRATE JUDGE

Reviewed and approved as to form and content by:

Ross Pearson
Assistant United States Attorney

4